UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

        Plaintiff,

      v.                              Case No. 25-C-1701

RANDALL HEPP et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Damien Shontell Hewlett, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hewlett's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hewlett has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hewlett has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.29. Hewlett's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 1:25-cv-01701-WCG   Filed 12/30/25   Page 2 of 8   Document 9

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

For the following reasons, Hewlett's complaint is deficient and must be dismissed. First, to state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Hewlett's complaint, along with the voluminous supporting exhibits, violates Rule 8(a)(2) because, rather than providing Defendants with *notice* of his claims as the rule requires, Hewlett tries to *prove* his claims by attaching more than one hundred pages of exhibits, which he vaguely incorporates by reference. *See* Dkt. No. 1 at 2 ("Once the court sees the attached exhibits that accompany this 1983 complaint, it will be clear that [Hewlett has] been subjected to inhumane living conditions . . . .") Dkt. No. 1 at 2. But the pleading stage is not the appropriate time for

3

Hewlett to present his proof. At the pleading stage, Hewlett need only provide notice to Defendants of what he believes they did or did not do to violate his rights. Burying the Court and Defendants in documents by attaching them to the complaint is not consistent with Rule 8 because, at this stage, it places an undue burden on the Court and Defendants to verify their relevancy, accuracy, and significance.

Moreover, it appears that Hewlett is attempting to bring unrelated claims against different sets of Defendants. The gravamen of the complaint is that, while confined at Waupun Correctional Institution, Hewlett had to drink water that allegedly contained harmful levels of radium. He also brings claims based on the medical staff's alleged failure to concede to his demands for various blood tests, which he speculates would have confirmed that he had harmful levels of radium in his blood. Finally, he seeks to bring claims related to medical staff's alleged failure to address his symptoms of dehydration, which he suffered because he refused to drink the allegedly contaminated water, and dental's staff's alleged failure to address his complaints of tooth pain, which he speculates was caused by the allegedly contaminated water.

According to Hewlett, his claims against these three different sets of Defendants (high-ranking prison officials, medical staff, and dental staff) are linked together by his allegation that the water at Waupun is unsafe to drink. But Hewlett's speculation about the quality of Waupun's water supply is insufficient to satisfy the requirements of Fed. R. Civ. P. 20. Under that rule, joinder of multiple defendants (or different sets of defendants) into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Questions of law and fact regarding whether high-ranking prison officials knowingly supplied Hewlett with unsafe

4

Case 1:25-cv-01701-WCG   Filed 12/30/25   Page 4 of 8   Document 9

drinking water will not overlap with the questions of law and fact regarding whether medical and dental staff provided Hewlett with adequate care. In other words, *why* Hewlett may have developed the medical and dental conditions he sought treatment for is irrelevant to whether Defendants will be liable for showing deliberate indifference to those conditions—there are not overlapping questions of law and fact for the different sets of Defendants. Accordingly, if Hewlett wants to pursue claims against high-ranking prison officials, medical staff, and dental staff, he must do so in separate cases.

The Court will give Hewlett an opportunity to file an amended complaint that includes "a short and plain statement" of related claims, meaning that the claims he pursues in the amended complaint must arise out of the same event or series of events and must share common questions of law and fact that apply to all Defendants named in the amended complaint. The Court will provide Hewlett with a blank amended complaint form. **Hewlett must use the form.** *See* Civil L. R. 9(b). If he needs additional space, he may add up to **five** additional pages. Hewlett is reminded that he need only provide notice to the defendants of what he believes they did or did not do to violate his rights; he should not try to prove his claims at this stage. As Hewlett is aware, he will have the opportunity to present his evidence supporting his claims at a later stage of the case, after the parties have an opportunity for discovery.

As Hewlett decides which claims he would like to pursue in an amended complaint, the Court encourages him to review *Haire v. Hepp*, No. 23-C-1073, 2024 WL 5108068 (E.D. Wis. Dec. 13, 2024), which this Court recently decided. In that case, the plaintiff alleged that Waupun Correctional Institution had failed to supply clean drinking water since 2021. The Court granted summary judgment in favor of Defendant after concluding that the undisputed facts showed that

Waupun's water was deemed safe to drink at all times by the Wisconsin Department of Natural Resources.

Hewlett is also reminded that "[p]ublic officials do not have a free-floating obligation to put things to rights," meaning not everyone who knows about a prisoner's problem must pay damages. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983, nor does §1983 create collective or vicarious liability. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Hewlett should therefore name as Defendants only those individuals who were personally responsible for the alleged violation and had the personal knowledge, responsibility, and opportunity to respond to his concerns. *See Burks*, 555 F.3d at 595 (explaining that "[b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job").

Therefore, if Hewlett wants to proceed with this lawsuit, he will need to file an amended complaint by **January 30, 2026**, that cures the deficiencies identified in this decision. Hewlett is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Hewlett's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Hewlett's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 30, 2026**, Hewlett may file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the clerk's office mail Hewlett a blank prisoner amended complaint form.  **Hewlett must use the form.**  If he needs more space, he may add up to **five** additional pages.

**IT IS FURTHER ORDERED** that the agency having custody of Hewlett shall collect from his institution trust account the $333.71 balance of the filing fee by collecting monthly payments from Hewlett's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Hewlett is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hewlett's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hewlett is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk

United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hewlett is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this <u>30th</u> day of December, 2025.

_____
William C. Griesbach
United States District Judge